IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 1, 2009

**RODNEY NELSON v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 06-08185-87     Chris Craft, Judge**

**No. W2009-00679-CCA-R3-PC  - Filed April 9, 2010**

The petitioner, Rodney Nelson, appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief. The petitioner, in three separate cases, pled guilty to eight counts of aggravated robbery, Class B felonies, and two counts of aggravated burglary, Class C felonies, and received an effective sentence of 21.6 years as a mitigated offender. On appeal, the petitioner raises the single issue of whether his guilty plea was entered knowingly and voluntarily. Following review of the record, we find no error and affirm the denial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Sean H. Muizers, Memphis, Tennessee, for the appellant, Rodney Nelson.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William L. Gibbons, District Attorney General; and Abby Wallace and Alanda Dwyer, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

The petitioner's convictions arose from three separate home robberies. The petitioner testified at his guilty plea hearing that on April 3, 2006, he, along with four other men, kicked in the door of a residence at 3738 Mandalay and robbed a man inside the residence. The petitioner acknowledged that he was carrying a .22 caliber weapon and that they took a truck, speakers, a wallet, and money from the home. The petitioner also testified that he and another man robbed Lucas Gonzales outside 1750 Morley Place on March 29, 2006. Finally, the petitioner testified that he and three accomplices participated in the robbery of an apartment located at 1730 Steve on April

2, 2006. He again acknowledged carrying a gun, kicking in the door of the apartment, and taking approximately $500.

Based on the above actions, the petitioner was indicted by a Shelby County grand jury, in three separate cases, for eight counts of aggravated robbery and two counts of aggravated burglary. The petitioner later entered into a guilty plea agreement, which proscribed that the petitioner would enter pleas to the crimes as charged and would receive an effective sentence of 7.2 years as a mitigated offender. The agreement further provided that the sentences imposed in each of the three cases were to be served consecutively for a total effective sentence of 21.6 years. The agreement was presented to the trial court, and a hearing was held. At the hearing, the petitioner was specifically voir dired about his understanding of the consequences of entering the guilty plea. In addition to covering the required litany of rights and applicable sentencing ranges, the trial court specifically informed the petitioner on the record of what he was pleading to in each case and informed him of the recommended sentence in each case. The court further explained that the 7.2- year sentences in each case were to be served consecutively. The transcript of the plea hearing reflects that the trial court specifically informed the petitioner at least three times that he would receive a total effective sentence of 21.6 years with a 20% release eligibility.

When questioned, the petitioner stated that he understood each of the rights and the sentences which he was receiving. He further gave testimony that he had attended school to the ninth grade and that he could read and write "fine." He specifically stated that he had freely and voluntarily signed the plea agreement after reviewing his rights with trial counsel and that he had no complaints about counsel. The trial court found that the petitioner was entering the plea freely and voluntarily, accepted the pleas, and entered judgment accordingly. No direct appeal of the sentence was taken.

The petitioner subsequently filed a timely *pro se* petition for post-conviction relief alleging, among other grounds, that his plea was not entered knowingly and voluntarily. The petitioner and trial counsel testified at a hearing held before the post-conviction court. The petitioner testified that he discussed the case with trial counsel two or three times prior to trial. However, he asserted that he did not understand what he and trial counsel actually discussed. He went on to testify that he did not understand the terms of the plea agreement, although he acknowledged that both trial counsel and the trial court had reviewed the agreement and his rights with him. He acknowledged answering in the affirmative when asked by the trial court if he understood, but he contends that he really did not. According to the petitioner, he only accepted the plea agreement because trial counsel instructed him to do so. The petitioner gave somewhat conflicting testimony regarding the sentence he actually thought he would serve. At one point, he testified that he anticipated an effective sentence of 7.2 years as he believed the sentences would run concurrently. Later, he stated that he believed he would only be required to serve four years in confinement. The petitioner acknowledged that the trial court specifically informed him he would receive an effective 21.6-year sentence with a 20% release eligibility. However, he asserts that he did not know what eligibility meant or how release eligibility was calculated.

Trial counsel also testified that he met with the petitioner approximately eight times and discussed the proceedings and the facts of the case. Trial counsel testified that he discussed potential sentences with the petitioner and explained to him that while concurrent sentences were possible if he proceeded to trial, they were not likely. Trial counsel stated that he negotiated with the State to get the best possible agreement for the petitioner. He went on to testify that he explained the plea agreement in detail to the petitioner, including that the sentences received would be served consecutively. Finally, trial counsel testified that at no time did he have any indication the petitioner did not understand their discussions or the agreement.

After hearing the evidence presented, the trial court denied relief. This timely appeal followed.

**Analysis**

On appeal, the petitioner asserts that the post-conviction court erred in denying relief because his guilty pleas were not knowingly and voluntarily entered with an understanding of the nature and consequences of the plea. According to the petitioner, the record is clear that he entered into the agreement without being fully aware of the direct consequences, as illustrated by his varying testimony with regard to what sentence he believed he would receive. The petitioner also relies upon the fact that he had only a ninth grade education and that this was his first experience in the criminal justice system.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103 (2006). Our supreme court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is *de novo* with no presumption of correctness.

*Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006) (internal quotations and citations omitted). The petitioner bears the burden of proving, by clear and convincing evidence, the factual allegations in the petition for post-conviction relief. *Id*.; *see also* T.C.A. § 40-30-110(f) (2006). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. *Vaughn,* 202 S.W.3d at 116 (citing *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)).

When determining the constitutional validity of a guilty plea, we follow the well-established standards announced in *Boykin v. Alabama*, 395 U.S. 238 (1969), and *State v. Mackey*, 553 S.W.2d

-3-

337 (Tenn. 1977). *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). In *Boykin*, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. 395 U.S. at 242. In *Mackey*, the Tennessee Supreme Court also required an affirmative showing of a voluntary and knowledgeable guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. *Pettus*, 986 S.W.2d at 542. A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). Moreover, a plea cannot be voluntary is the defendant is "incompetent or otherwise not in control of [his] mental facilities" at the time it is entered. *Id*. To determine if a plea is knowing and voluntary, a court looks at the totality of the circumstances, considering factors such as: (1) the petitioner's relative intelligence; (2) his familiarity with criminal proceedings; (3) whether he was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against him and the penalty to be imposed; and (5) the petitioner's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. *Id*. at 904-05.

As noted, the petitioner's sole argument that he is entitled to post-conviction relief is based upon his assertion that he was not aware of the consequences of entering the guilty plea. In its order denying relief, the post-conviction court made the following findings:

> This court finds the unsupported testimony of the petitioner lacking in credibility. From his testimony at the plea and at the hearing on this petition, it is crystal clear that the petitioner knew he was pleading guilty to 21.6 years in the Department of Correction, and there was never any indication at the hearing or during the plea that anyone ever told him that he was guaranteed parole after [four] years. This allegation fails for lack of credible proof.

Review of the record reveals nothing which preponderates against the post-conviction court's findings. A reading of the guilty plea hearing indicates that the trial court, prior to accepting the plea, explained in detail the convictions and sentences the petitioner would receive as a result of his plea. The court clearly explained on at least three occasions that the sentences of 7.2 years in each case were to be served consecutively. The petitioner indicated that he understood, stating he had also reviewed the agreement with trial counsel. Moreover, trial counsel testified that he explained to the petitioner that he would be receiving an effective sentence of 21.6 years. As noted by the court, there is no indication in the record before us that the petitioner was ever informed he would be guaranteed parole after serving 20% of his sentence. Indeed, the sole proof with regard to these allegations comes from the petitioner. The post-conviction court specifically discredited that testimony, a finding which this court will not disturb, as it is the province of the trier of fact to make credibility determinations. Thus, the record does not establish that the petitioner's plea was entered unknowingly and involuntarily with an understanding of the nature and consequences of accepting the agreement.

**CONCLUSION**

Based upon the foregoing, the denial of post-conviction relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE